UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11112
Summary Calendar

RALF MONDONEDO,

Plaintiff-Appellant,

versus

121 COMPRADES LTD., A Texas Limited Partnership,
doing business as La Hacienda Ranch,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:00-CV-1867-Y)

February 24, 2003

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ralf Mondonedo appeals, *pro se*, the summary judgment awarded 121 Comprades Ltd. on his Title VII race discrimination, retaliatory discharge, and hostile work environment claims. Mondonedo was a bartender at La Hacienda Ranch from 17 August 1997 until 19 April 2000, when he was terminated.

A summary judgment is reviewed *de novo*. *E.g., Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 608 (5th Cir. 1998). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment is proper if there are no material fact issues and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). No authority need be cited for the rule that the record and all inferences drawn from it are viewed in the light most favorable to the non-movant. Based upon our review of the record and briefs, the summary judgment is affirmed essentially for the reasons stated by the district court.

Further, the district court did not abuse its discretion in denying Mondonedo's FED. R. CIV. P. 56(f) continuance motion. *See, eg.,* **Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.**, 48 F.3d 927, 930 (5th Cir. 1990). As a basis for the Rule 56(f) motion, Mondonedo claims 121 Comprades submitted false and coerced affidavits or otherwise acted in bad faith; this contention has no merit.

*AFFIRMED*